Filed 11/7/13  In re K.P. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.P. et al., Persons Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>KEVIN P.,<br><br>    Defendant and Appellant. | F066883<br><br>(Super. Ct. Nos. 07CEJ300173-1 & 07CEJ300173-2)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Fresno County.  Mary Dolas, Judge.

Gino de Solenni, under appointment by the Court of Appeal, for Defendant and Appellant.

Kevin Briggs, County Counsel, and William G. Smith, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Kane, J., and Franson, J.

Kevin appeals from the juvenile court's dispositional orders denying him reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(10) and (13)[1] as to his 12-year-old son and 11-year-old daughter. We affirm.

### PROCEDURAL AND FACTUAL SUMMARY

These dependency proceedings mark the second time the Fresno County Department of Social Services (department) had to intervene to protect Kevin's son and daughter. The first intervention occurred in 2007 when the department received a report that the family, Kevin, the children's mother, and the children, then five and four years of age, were living in a "drug house." Both parents admitted using drugs and Kevin's drug use was extensive. He said he used every drug except heroin, had 4,000 hits of LSD and used cocaine on the day the children were taken into protective custody. He also stated he had been in four inpatient and two outpatient substance abuse programs. The children stated they saw Kevin hit their mother in the face, causing a bruised eye, and saw her hold a butcher knife to Kevin's throat.

The juvenile court exercised its dependency jurisdiction over the children and denied Kevin reunification services under section 361.5, subdivision (b)(13) because of his extensive, abusive and chronic use of drugs and alcohol. The juvenile court provided the mother reunification services and returned the children to her custody in August 2008, granting her sole legal and physical custody. The juvenile court granted Kevin reasonable supervised visitation.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Over the next two years, the mother violated the juvenile court's visitation order by allowing Kevin unsupervised contact with the children. In late 2010, she left them in his care and did not return.

Meanwhile, Kevin continued to abuse drugs. In June 2012, he was convicted of possession of a controlled substance for sale and sentenced to over 10 months in jail. Prior to his incarceration, he married Megan B., a friend, so she could care for the children. Megan used methamphetamine and heroin intravenously and while caring for the children, developed an abscess on her leg that was so severe it prevented her from walking. She began to urinate and defecate in buckets and cups and could no longer cook or clean for the children or take them to school. Kevin's daughter tried to help Megan by cleaning the floor of the pus and blood from Megan's abscess.

In September 2012, Megan was admitted to the hospital, leaving the children alone in the apartment where Megan had drugs in containers on her bed and a box of needles.

The department took the children, then 10 and 9 years of age, into protective custody and placed them with their paternal aunt.

In February 2013, the juvenile court convened a contested hearing on the department's recommendation to exercise its dependency jurisdiction and deny Kevin reunification services under section 361.5, subdivision (b)(10) and (13). Kevin's then 10-year-old daughter testified that Megan was using drugs. Asked how she knew that, the daughter said Megan had "dots on her arms" and had a drawer the children were not allowed to look in. She said Megan had the "dots" when they first met her. She also said she heard a conversation between her father and his friend, James, in which James told Kevin that Megan was using drugs and would cause the children to be put in foster care. The daughter could not remember seeing Kevin or Megan using drugs but saw lighters and broken pens with no ink.

Kevin's 11-year-old son testified he never saw Megan using drugs and did not hear the conversation with James.

Kevin testified he never saw Megan use drugs intravenously and never saw any track marks on her body. The only drug he saw her use was marijuana. He said James told him Megan was "messed up" referring to her emotional state after her parents kicked her out of the house. Following Kevin's testimony, the juvenile court continued the hearing.

In March 2013, the juvenile court reconvened the contested hearing, heard argument and ruled. The juvenile court adjudged the children dependents of the court, ordered them removed from parental custody and denied Kevin reunification services under section 361.5, subdivision (b)(10) and (13). The juvenile court ordered reunification services for the mother and set a six-month review hearing for August 2013. This appeal ensued.

## DISCUSSION

Kevin contends the juvenile court erred in denying him reunification services under section 361.5, subdivision (b)(10) because it did not apply. Alternatively, he contends the juvenile court abused its discretion in denying him reunification services under subdivision (b)(10) and (13) because reunification with him served the children's best interests.

The juvenile court is required to order family reunification services whenever a child is removed from parental custody unless the court finds by clear and convincing evidence that the child is described by any of 16 exceptions set forth in section 361.5, subdivision (b). (§ 361.5, subds. (a) & (b)(1)-(16).) In this case, the juvenile court denied Kevin reunification services based on subdivision (b)(10) which pertains to a parent whose reunification services as to a sibling were terminated and subdivision (b)(13) which pertains to a parent with a chronic and extensive substance abuse problem

4

who resisted treatment.  Section 361.5, subdivision (b)(10) and (13) provide in relevant part:

> "(b)    Reunification services need not be provided to a parent … described in this subdivision when the court finds, by clear and convincing evidence, …: [¶] … [¶] (10) [t]hat the court ordered termination of reunification services for any siblings … of the child because the parent … failed to reunify with the sibling … [and the] parent … has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling … of that child from that parent …[;] [¶] … [¶] (13) [t]hat the parent … of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention, or has failed or refused to comply with a program of drug or alcohol treatment … on at least two prior occasions, even though the programs identified were available and accessible."

Kevin contends section 361.5, subdivision (b)(10) does not apply because the juvenile court never ordered reunification services for him, therefore, services were not terminated.  Assuming for the sake of argument, Kevin is correct and subdivision (b)(10) does not apply, we would not find error in the juvenile court's application of the statute because the juvenile court also denied Kevin services under subdivision (b)(13) which he does not challenge.

Kevin next contends that, even if the requirements of section 361.5, subdivision (b)(13) were met, the juvenile court abused its discretion in failing to order reunification services anyway under section 361.5, subdivision (c).  It is true that a parent described in subdivision (b)(13) may still obtain reunification services if the parent proves that services would be in the child's best interests.  Section 361.5, subdivision (c) provides in relevant part:  "The court shall not order reunification for a parent … described in paragraph … (13) … of subdivision (b) unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child."  It is the

5

parent's burden to demonstrate that reunification services would be in the minor's best interests. (*In re Ethan N.* (2004) 122 Cal.App.4th 55, 66 (*Ethan N.*).)

In *Ethan N.*, this court listed various factors relevant to the determination of a child's best interest vis-à-vis reunification. Those factors include the gravity of the problem requiring juvenile court intervention, the strength of the parent/child bond and the child's need for stability and continuity. (*Ethan N.*, *supra*, 122 Cal.App.4th at pp. 66-67.)

Kevin argues the *Ethan N.* factors cited above when applied to the evidence on the record compel a finding in his favor. Specifically, he argues that leaving the children with an intravenous drug user is not as grave as other reasons for removing children such as the death of a sibling as was the case in *Ethan N.* (*Ethan N.*, *supra*, 122 Cal.App.4th at p. 59.) He further argues the children were bonded to him and wanted to return to his custody and providing him services would not delay permanency planning for them since their mother was going to receive reunification services.

As we stated in *Ethan N.*, "The concept of a child's best interest 'is an elusive guideline that belies rigid definition. Its purpose is to maximize a child's opportunity to develop into a stable, well-adjusted adult.' [Citation.]" (*Ethan N.*, *supra*, 122 Cal.App.4th at p. 66.) As this case demonstrates, however, a child's best interest cannot be rightly determined without full consideration of all relevant information. If such were not the case, Kevin's argument would appear to have merit since the evidence he cites positively supports the *Ethan N.* factors he selected.

In this case, it was not in the children's best interest to reunify with Kevin because he abused drugs and could not care for them. He not only exposed them to his drug use but immersed them in the lifestyle. They were at times homeless and in the end were essentially caring for an intravenous drug user. Moreover, there was no reason to

6

believe, given Kevin's treatment failure, that he would rehabilitate himself and make a safe home for his children.

We find no error.

## DISPOSITION

The dispositional orders entered on March 7, 2013, are affirmed.